**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 24 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RONALD O. McCLELLAND,

Defendants-Appellants.

No. 98-3024
(D.C. 96-CR-10054-MLB)
(District of Kansas)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , Chief judge, **BALDOCK** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App.P.34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

A jury convicted Ronald O. McClelland of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, and seven

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1

counts of money laundering in violation of 18 U.S.C. § 1956(a)(a)(B)(I). On appeal, Mr. McClelland argues that there was insufficient evidence presented in the district court to support the jury's verdict and that his sentence of 262 months was improperly calculated under the Sentencing Guidelines. Mr. McClelland's lawyer, Jerome R. Jones, has filed a motion to withdraw supported by a brief in accordance with Anders v. California, 386 U.S. 738 (1967). His brief argues that an appeal challenging the sufficiency of the evidence and Mr. McClelland's sentence would be frivolous. [1] We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), grant counsel's motion to withdraw, and affirm.

**Sufficiency of the Evidence**

Sufficiency of the evidence is a question of law we review de novo. See United States v. Wilson, 107 F.3d 774, 778 (10th Cir.1997). We will deem evidence sufficient to support a conviction if, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt. See id.

---

[1] Mr. McClelland was given notice of his counsel's Anders brief on April 27, 1998. However, despite being granted two extensions of time, Mr. McClelland did not file a response.

2

In the present case, there was overwhelming evidence from which the jury could conclude that Mr. McClelland was guilty of the alleged charges. For example, at trial, several of Mr. McClelland's accomplices testified that he was the leader of a group of people transporting cocaine from California to Kansas. The accomplices described how women were flown to California, met with Mr. McClelland's associates, and carried cocaine to him in Kansas. The accomplices also described how, after the narcotics were sold, Mr. McClelland wired money via Western Union to California in order to buy more cocaine. Specifically, the government presented testimony and evidence of seven Western Union transactions carried out in Mr. McClelland's name or in the name of a know alias. Testimony from a handwriting expert established that Mr. McClelland signed five of the Western Union forms used to send money to California and that it was probable that he signed the remaining two forms. Additionally, the government submitted evidence to establish that Mr. McClelland did not have a lawful source of money during this time period. After careful examination of the record and viewing the evidence in the light most favorable to the government, we conclude that Mr. McClelland's claim is meritless and sustain the convictions.

**Alleged Sentencing Error**

Mr. McClelland contends that the district court erred in determining the quantity of drugs for his base offense level calculation. Specifically, he asserts that his base offense level was erroneously determined by converting the dollar amount indicated by the Western Union wire transfers into a quantity of cocaine. However, Mr. McClelland's counsel states in the Anders brief that his sentence was lawful and correct under the Sentencing Guidelines. "We review the district court's interpretation and application of the Sentencing Guidelines de novo and review the court's factual findings as to drug quantity for clear error." United States v. Wacker, 72 F.3d 1453, 1477 (10th Cir.1995) (citations omitted).

When the actual drugs underlying a drug quantity determination are not seized, the trial court may rely upon an estimate to establish the defendant's guideline offense level, "so long as the information relied upon has some basis of support in the facts of the particular case and bears sufficient indicia of reliability." Id. at 1477 (quotations omitted). This circuit has specifically held that, where the actual drugs are not seized, sums of money can be converted to drug equivalents for purposes of sentencing, so long as the resulting drug quantities are determined to be relevant quantities under USSG § 1B1.3. United States v. Rios, 22 F.3d 1024, 1027-28 (10th Cir. 1994) (affirming district court's conversion of $14,920.00, found in a brown paper bag, and $31,600.00, found in

an envelope, into approximately 1,100 grams of cocaine for sentencing purposes).

In the present case, the probation office converted the dollar amount of the Western Union wire transfers into a quantity of cocaine. After careful review of the record, we conclude that the estimated amount of cocaine bears sufficient indicia of reliability to support Mr. McClelland's base offense level under the Sentencing Guidelines and therefore affirm Mr. McClelland's sentence.

Accordingly, for the reasons set forth above, we GRANT Mr. Jones' motion to withdraw and AFFIRM Mr. McClelland's conviction and sentence.

Entered for the Court,

Robert H. Henry
Circuit Judge